```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3.16.22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
GREG E. LINDBERG

              Plaintiff,

        -against-                              20-cv-8231 (LAK)

DOW JONES & COMPANY, INC.,

              Defendant.
------------------------------------------x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        This case arises from two allegedly defamatory articles published in *The Wall Street Journal* (the "*Journal*") about Greg Lindberg's business and romantic pursuits. Lindberg is the founder and sole owner of the Global Growth investment firm and its portfolio of affiliated companies, which includes a number of insurance companies. In early 2019, the *Journal* reported that Lindberg had diverted $2 billion from these insurance companies for his personal use. A number of months later, the *Journal* published a second article about Lindberg that focused on his alleged use of surveillance operatives to spy on his former fiancée and other women who "caught his eye."[1]

        Lindberg initially claimed that these articles were defamatory and that reporters for the *Journal* improperly relied on sources who were subject to confidentiality agreements or owed him a duty of confidentiality. He alleged that Dow Jones & Company, Inc. ("Dow Jones") – the owner of *The Wall Street Journal* – is liable to him for defamation, tortious interference with contracts, and aiding and abetting breaches of fiduciary duty.

---

[1]     *Id.* at ¶¶ 46, 53.

2

On a previous motion the Court dismissed the original complaint. *Lindberg v. Dow Jones & Co.,* 2021 WL 3605621 (S.D.N.Y. Aug. 11, 2021). It subsequently granted leave to amend but only to the extent of permitting amendment of the tortious interference claim. *Id.*, 2021 WL 5450617 (S.D.N.Y. Nov. 22, 2021). The matter now is before the Court on defendant's motion to dismiss the first amended complaint (the "FAC"), a motion that raises only the sufficiency of the amended tortious interference claim.[2].

"Under New York law, the elements of tortious interference with contract are (1) 'the existence of a valid contract between the plaintiff and a third party'; (2) the 'defendant's knowledge of the contract'; (3) the 'defendant's intentional procurement of the third-party's breach of the contract without justification'; (4) 'actual breach of the contract'; and (5) 'damages resulting therefrom.'" *Kirch v. Liberty Media Corp.,* 449 F.3d 388, 401-02 (2d Cir. 2006) (quoting *Lama Holding Co. v. Smith Barney Inc.,* 88 N.Y.2d 413, 424 (1996)). In this case, defendant challenges the legal sufficiency of the FAC on the basis that plaintiff has not alleged sufficient facts to permit the conclusion that the damages element is satisfied.

The sole allegation of damage attributed by the FAC to the alleged tortious interference is that defendant:

> "was, in fact, injured and sustained damages as a direct and proximate result of Defendant's interference. Lindberg seeks a recovery of compensatory and punitive damages for Defendant's conduct. Additionally, Lindberg seeks disgorgement of all profits obtained by Defendant arising from the October 2019 article." FAC ¶ 99.

---

[2] The Court's ruling on the balance of the original complaint and controls with respect to the FAC save for the amended tortious interference claim.

3

Plaintiff's memorandum makes clear that his tortious interference claim is independent of his defamation claim, that his tortious interference claim is to recover "damages in the amount of the full *pecuniary* loss of the benefits of the contract," and that the injury for which he seeks recovery is that which allegedly "resulted from breach of the Confidentiality Agreements, as distinguished from the publication of the Second Article." (Dkt, 48, at 2, 6 , 10) (emphasis added). Thus, he disclaims any basis for reputational damage, which in any case is foreclosed by the Court's ruling on the original complaint.

In order to state a legally sufficient claim, a plaintiff is required to "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Green v. Dep't of Educ. of the City of N.Y.*, 16 F.4th 1070, 1076-77 (2d Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). In determining whether a plaintiff has done so, a court disregards bald, conclusory statements and accepts as true only factual assertions and conclusions reasonably drawn therefrom. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Indeed, as *Iqbal* made clear, when "the well-pleaded facts do not permit the court to infer more than the mere possibility of [liability], the complaint has alleged – but it has not 'show[n]' [as required by Fed. R. Civ. P. 8] – that the pleader is entitled to relief." *Id.*, at 679. A plaintiff "must convince the court, which takes on a gatekeeper function, that there is a sufficient factual predicate to proceed to the discovery phase." 2 MOORE'S FEDERRAL PRACTICE § 8.04[1][b], at 8-36 (3d ed. 2021). As plaintiff acknowledges, "whether a complaint states a plausible claim to relief is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Dkt 48, at 6 (internal quotation marks and citation omitted). Indeed, "[w]hile simple claims might establish 'plausability' under the *Twombly* standard using relatively broad, simple allegations, more complex claims will call for more complex allegations in order to establish 'plausability.'" 2 MOORE'S § 8.04[1][d], at 8-39.

4

In this case, the FAC provides no factual basis for inferring that plaintiff suffered any non-reputational pecuniary loss as a proximate consequence of the alleged breach of the confidential agreements. Accordingly, the FAC fails to state a claim upon which relief may be granted, and plaintiff's motion to dismiss it (Dkt 41) is granted. In the circumstances, there is no need to address the second ground on which defendant seeks dismissal of the tortious interference claim.

SO ORDERED.

Dated:    March 16, 2022

_____
Lewis A. Kaplan
United States District Judge